### STATE v SPIVAK et

Ohio Appeals, 8th Dist, Cuyahoga Co

No 17026. Decided December 12, 1938

Alfred Clum, Cleveland, for plaintiff-appellee.

Robt. Kaplan, Cleveland, for defendant-appellant.

### OPINION

By LEVINE, PJ.

David Spivak and Julius Goldstein were jointly charged with promoting a game of chance, to-wit: bingo. A jury was demanded in this case and both parties were found guilty by the jury. Thereafter an appeal was had to the court of common pleas where the judgment was affirmed. The matter is now considered by us on appeal from the common pleas court to the Court of Appeals.

In the trial of this case in the municipal court the matter was presented to the jury, a jury having been demanded for the defendants.

Julius Goldstein did not take the witness stand. David Spivak did take the witness stand and was subjected to cross-examination. At the close of all the evidence a motion was made by the prosecuting attorney representing the city of Cleveland that the court direct the jury to find the defendant, David Spivak, guilty. Said motion was granted.

The theory of the court in so directing a verdict in favor of the State insofar as David Spivak was concerned, was that when Spivak took the witness stand he practically admitted the elements of the crime charged, namely, that of promoting a game of chance.

We are familiar with the directed verdict in civil cases. We have found so far that no precedent in Ohio would justify such procedure, in criminal cases.

When a jury was demanded the entire matter must be submitted to the jury under proper instructions from the court. We know of no instance where the court was permitted to substitute its judgment for that of the jury.

In order to reach a conclusion as to the guilt of David Spivak the court was called upon to weigh the evidence and to state from it its own conclusion. In our opinion this is not permissible in a criminal case.

In the trial of criminal cases the jury is the sole judge of the evidence. It not infrequently happens that the jury's interpretation of the evidence and the inferences to be drawn therefrom differs materially from the conclusion reached by the judge on the same evidence. Until the legislature provides for such procedure there can be no directed verdicts in criminal cases.

It is therefore ordered that the judgment be reversed as to David Spivak and the same is hereby remanded for a trial according to law.

TERRELL, J, and LEIGHLEY, J, concur.